**The STATE of Ohio**

v.

**SARROCCO.** ▮

Court of Common Pleas of Ohio,
Medina County.

No. 96–CR–0464.

Decided July 28, 1997.

*David Sheldon,* Medina County Assistant Prosecuting Attorney, for plaintiff.

*Christopher Collier,* for defendant Raymond D. Sarrocco.

JAMES L. KIMBLER, Judge.

This matter came to be heard on the motion for suppression of evidence obtained from a search of the defendant's briefcase following his arrest on a probation violation. Actually, there were two searches: one at the scene of the arrest and the other when the briefcase was brought into the police station. Based on the evidence, the court makes the following findings of fact.

On November 8, 1996, there was an arrest warrant out for the defendant for a probation violation. On that day, the defendant was to meet with a customer in a suburb of Cleveland. Det. Mick Sobie and Det. Wilcox of the Wadsworth Police Department went to the office of the person the defendant was meeting. While the defendant was conducting the meeting, the other person left the room where it was being held and the detectives came in.

After Det. Sobie talked with the defendant, he placed the defendant under arrest. At the time of the arrest, the defendant had the briefcase near him. The detective searched the defendant's person and then looked into the briefcase. The reason for the search was to check for weapons. None was found, but the detective saw a name of an alleged victim. The briefcase was then taken into custody and transported to the police station in Wadsworth. At the station it was again searched, this time more thoroughly. The detective testified that it was the policy of the Wadsworth Police Department to inventory-search all containers brought into the station. During this search, more documents were discovered that the state intends to use as evidence at trial.

The state offers three justifications for the search. The first is search incident to an arrest, the second is inventory search, and the third is that the documents were in plain view.

█ The court finds that the search of the briefcase was *not* incident to an arrest. At the time of the search, the defendant had already been placed under arrest. He was in the control of the officers. At that point the briefcase was in the same position relative to the defendant as the closed container was in *State v. Brown* (1992), 63 Ohio St.3d 349, 588 N.E.2d 113.

In *Brown,* the court ruled that a police officer who had secured a traffic offender in his cruiser could not search a container found in the car and justify it as a search incident to an arrest. The court reasoned that the contents of the container posed no threat to the arresting officer because Brown was under the control of the officer at the time of the search. Likewise in this case, the defendant was under the control of the detectives at the time the search of his briefcase was made. Consequently, the rationale of *Brown* requires that this search not be considered a search incident to an arrest.

█ The court also finds that the items were not in plain view when the search took place. In order to be in plain view, the items have to be visible to the officer from a location where he otherwise has a constitutional right to be. In this case, the court finds that the officer did not have a right to go through the briefcase, and therefore that rationale does not justify the search.

█ That leaves the rationale of an inventory search. Originally applied to vehicles in *South Dakota v. Opperman* (1976), 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000, it was extended to items of personal property such as purses and shoulder bags in *Illinois v. Lafayette* (1983), 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65, Although the defendant argues that there is a difference between a shoulder bag and a briefcase, the court finds that this is, to quote a law school

**4**

phrase, "a distinction without a difference." That is, a police officer may conduct a lawful inventory search on a briefcase just as on a shoulder bag. The real issue is whether this is a valid inventory search.

Since warrantless searches are presumed to be unreasonable, the burden is on the state to show an exception to the warrant requirement. Since the state is attempting to justify this particular search as an inventory search, it has the burden of showing by a preponderance of the evidence that it *really* was an inventory search.

The purpose of an inventory search is to produce an inventory. *Florida v. Wells* (1990), 495 U.S. 1, 4, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1, 6–7. Evidence of standardized criteria or established routine establishes that the claimed inventory search is not just a ruse for an otherwise illegal search. *Wells,* 495 U.S. at 4, 110 S.Ct. at 1635, 109 L.Ed.2d at 6–7. No forms were submitted into evidence showing that any inventory was done of the contents of the briefcase. Furthermore, although Detective Sobie testified that it is the policy of his department to inventory items such as briefcases, there apparently is no written policy of when such an inventory is to be done. This court finds that the absence of either an inventory form or some written directive of when an inventory search is to be done means that the state cannot sustain its burden of establishing a valid inventory search.

Accordingly the motion to suppress is granted with respect to the briefcase and its contents.

SO ORDERED.

*Judgment accordingly.*